# IN THE SUPREME COURT OF THE STATE OF NEVADA

DIANE JEAN DAVIS,
Appellant,

vs.

THE STATE OF NEVADA,
Respondent.

No. 72054

FILED

NOV 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of obtaining and using personal identifying information of another and offering a false instrument for filing or recording. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge. Appellant Diane Jean Davis raises five contentions of error on appeal.

First, Davis argues that the State did not introduce sufficient evidence to sustain her convictions because she and her sister, Donna Hovater, testified that Davis had obtained the information to renew Hovater's license and Davis had not received the license for which she applied. Davis also claims that the State failed to prove that she knowingly forged her sister's name on the license application. We disagree. When viewed in the light most favorable to the State, the evidence presented at trial is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Davis was being prosecuted for arson and animal cruelty. She presented Hovater's identifying information, which included her driver's license number and social security number, on a license application to the department of motor

17-39405

vehicles. Davis identified herself as Hovater and claimed that she had lost the expired license. She also took an eye exam and was photographed for the license. Davis then signed the application with Hovater's name. This evidence was sufficient to conclude that Davis obtained and used Hovater's personal identifying information with the intent to avoid prosecution in another case as well as offered a false or forged document for filing. *See* NRS 205.463(3)(d); NRS 239.330. While Davis and Hovater testified that Davis was attempting to renew Hovater's license for her, it was for the jury to determine the weight and credibility to give the conflicting testimony. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Davis argues that the district court erred in failing to sua sponte set aside the guilty verdict and enter a judgment of acquittal and denying Davis' motion to set aside the verdict or for a new trial. She asserts that there was insufficient evidence adduced at trial to sustain her convictions. We disagree. As discussed above, the evidence was not insufficient, therefore, Davis did not demonstrate that the district court abused its discretion in failing to sua sponte set aside the verdict. And because Davis' motion, which did not assert any newly discovered evidence, was filed roughly eight months after the verdict, the district court did not have authority to grant it. *See* NRS 175.381(2) ("[A] motion for a judgment of acquittal must be made within 7 days after the jury is discharged or within such further time as the court may fix during that period."); NRS 176.515 (requiring motion for new trial to be filed within seven days after the verdict unless based on newly discovered evidence).

Third, Davis argues that the district court erred in instructing the jury on the elements of NRS 205.463.[1] She asserts that the instruction failed to inform the jury that it must find that Davis willfully and unlawfully obtained the personal information of her sister or obtained the information with the intent to commit an unlawful act. We discern no plain error. *See Valdez v. State,* 124 Nev. 1172, 1189, 196 P.3d 465, 477 (2008) (reviewing un-objected to error for plain error affecting defendant's substantial rights). The given instruction described the elements of the crime as set forth in NRS 205.463(2). The section of the statute does not require that an offender have the intent to commit an unlawful act at the time he or she acquires the personal identifying information or that the defendant willfully or unlawfully obtained the identifying information.

Fourth, Davis argues that the jury instruction defining "Forged Instrument" did not accurately define forgery.[2] She asserts that the jury should have been instructed that she had to act with the specific intent to damage or defraud. We discern no plain error. *See Valdez,* 124 Nev. at 1189, 196 P.3d at 477. NRS 205.085(2) requires intent to defraud where a forged instrument is constructed from different genuine instruments or parts thereof; however, the State did not allege that Davis presented an

---

[1]The district court instructed the jury: "If the defendant knowingly obtained any personal identifying information of another person, and used said personal identifying information to avoid or delay being prosecuted for an unlawful act that is punishable as a category B felony, she is guilty of Identify Theft to Avoid Prosecution for Category B Felony."

[2]Instruction 23 provided: "'Forged Instrument' includes instruments that are falsely made or counterfeited, as well as genuine instruments that are altered, erased or obliterated in whole or in part or bear a falsely made or counterfeit signature of a party or witness, real or fictitious."

 

instrument forged in this manner. The given instruction accurately defined a forged instrument in a manner consistent with NRS 205.085(2) and the evidence presented at trial.

Fifth, Davis asserts that cumulative error warrants reversal. As we have found no error, there is nothing to cumulate.

Having considered Davis' contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Robert W. Lane, District Judge
Law Office of Lisa Chamlee, Ltd.
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk